MATHEW WATSON v. DANIEL ROBERTSON'S HEIRS.

Deeds by notarial Act under former laws do not possess the unimpeachable verity
or conclusiveness which attach to the records of judicial proceedings; they re-
quire proof of their execution, and are susceptible of disproof, as other deeds.
The forgery of a deed may be proved by circumstantial evidence.

Appeal from Milam.   This was a proceeding for partition
commenced in the County Court, by the appellant, who claim-
ed, by sundry mesne conveyances from three of the heirs of
Daniel Robertson, one-half of said Robertson's headright league.
The conveyance of three of the heirs of said Robertson pur-
ported to have been executed before a notary at Viesca on the
10th day of November, 1835 ; and to have been a sale in con-
sideration of $500 ; to have been signed by the grantors mak-
ing their marks ; and to have been witnessed by two instru-
mental and two assisting witnesses.   It was proved for record
in October, 1849, and recorded in January, 1850.   Some evi-
dence was offered by the appellant with a view to prove that
the conveyance was in consideration of having cleared out the
league.   It is not deemed material to state the testimony.   The
subscribing witness who proved the deed for record testified
to the genuineness of his signature, but could not recall the fact
to memory.

*J. A. & R. Green*, for appellant.

*G. W. Horton*, for appellee.

WHEELER, J.   Instruments of the character of the present,
have not been held by our Court, as possessing the unimpeach-

able verity, as respects the fact of their execution, or the conclusive effect as instruments of evidence, which attach to the records of judicial proceedings. They have been held to require proof of their execution, and, of consequence, they are susceptible of disproof, as other deeds. That the forgery of a deed may be proved by circumstantial evidence was determined in the case of Henderson v. The State. (14 Tex. R. 503.) There certainly were circumstances in evidence calculated to cast suspicion on the genuineness of this deed : The age of the parties executing it, and that three out of seven of the heirs only joined in the execution, when, if it was to carry out any contract of the ancestor, their seniors would most likely have been called upon ; that they should have executed by making their marks, when they could write their names ; that so important a transaction by persons of their age, and standing in their relations, should have been consummated, and that others occupying such relations to the parties as the evidence shows, should never have heard of it, or had any knowledge of the transaction ; and that the only evidence of it, the deed, should not have come to light until fourteen or fifteen years subsequent to its date, and after the decease of the makers : these, and other circumstances in evidence, it was competent for the jury to take into consideration in determining upon the genuineness of the instrument. We cannot say that the verdict was unsupported by evidence ; or that the Court, especially after two trials with the like result, erred in refusing to set aside the verdict and grant another new trial, on the ground that the verdict was not warranted by the evidence. We are of opinion, therefore, that the judgment be affirmed.

Judgment affirmed.